# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
   **JUDGE**

## LETTER ORDER

September 28, 2006

Natu Patel
FPC Schuykill Camp 2
PO Box 670
Minserville, PA 17954-0670
*Pro-se Defendant*

Kevin G. Walsh
United States Attorney's Office
970 Broad Street
Suite 700
Newark, NJ 07102
*Plaintiff*

> Re:   USA v. Patel
>       <u>Criminal Action No. 05-0734 (WJM)</u>

To the Parties:

  This matter comes before the Court on Defendant Natu Patel's August 9, 2006 motion to reconsider his sentence and his August 21, 2006 motion to alter judgment. On March 1, 2006 Defendant plead guilty pursuant to a plea agreement to one count of income tax evasion pursuant to 26 U.S.C. § 7201 and to one count of structuring the purchase of money orders to evade reporting requirements pursuant to 31 U.S.C. § 5324. He was sentenced on March 1, 2006, in addition to any monetary penalties and restitution, to a total of seven months to be followed by three years of supervised release; Defendant is to be confined to his residence for a period of seven months commencing at the direction of the U.S. Probation Office. Defendant began serving his prison term on May 15, 2006 at the Schuylkill Federal Prison Camp in Minersville, PA where he is currently incarcerated.

  Defendant contends that his family motel business is suffering dramatically as a result of his incarceration and that he has extensive back trouble requiring immediate physical therapy. Both of Defendant's motions state the same plea: that due to these economic and physical

troubles, he asks the Court to modify his sentence to allow him to serve the remainder of his sentence in home confinement.  For the reasons stated below, these motion must both be **DENIED**.

The Court recognizes the long-standing practice of construing a *pro-se* litigant's pleadings liberally, and gives Defendant every benefit of the doubt in its considerations.  *See, e.g. U.S. v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999).  Construing his motions liberally, it appears that Defendant is moving the Court pursuant to 18 U.S.C. § 3582(c) which allows a court to modify a sentence in three circumstances, none of which apply here: (1) when the Bureau of Prisons ("BOP") moves the Court for such a reduction; (2) when the sentence was based on a guideline range that has since been lowered; and (3) when the Court is authorized to correct or reduce a sentence by Fed. R. Crim. P. 35.  Rule 35 in relevant part allows the Court, within seven days after sentencing, to "correct a sentence that resulted from arithmetical, technical, or other clear error."  Fed. R. Crim P. 35(a).

In the present case, neither Defendant nor the BOP alleges that the BOP has moved for any sentence reduction.  Nor has any argument been made that the sentencing guideline range has been lowered.  Therefore, Defendant is left to move only under Rule 35(a), which likewise offers no support.  Firstly, any motion pursuant to Rule 35(a) must have been brought by Defendant "within 7 days after sentencing."  Fed. R. Crim. P. 35(a).  Defendant was sentenced on March 1, 2006, however this motion was filed on August 9, 2006, well past the seven day limit and this Court is therefore barred from modifying his sentence.  *See, e.g. Gonzalez-Ruiz v. U.S.*, No.Crim.A. 02-639, 2006 WL 680991 (D.N.J. Mar. 14, 2006).  On this basis alone, Defendant's motions must be **DENIED**.

Even were his motion timely, however, Defendant would be unable to find support for his motion in Rule 35(a).  Defendant writes in his August 21, 2006 motion to alter sentence that he "is by no means challenging or questioning the sentence imposed."  Nor do either the August 9, 2006 or the August 21, 2006 motions argue in any way that his sentence resulted from any error, arithmetic, technical or otherwise.  Rather, Plaintiff endeavors to have the Court alter his sentence to allow earlier home detention because of both the economic hardship to his business and his recurrent lower back pain.  While the Court appreciates Defendant's complaints, the Court is not empowered by either Section 3582(c) or Rule 35 to alter his sentence for the reasons complained of in Defendant's two motions.

Therefore, Defendant's August 9, 2006 and August 21, 2006 motions must both be **DENIED**.

**SO ORDERED**.

s/ William J. Martini
**William J. Martini, U.S.D.J.**

cc:     The Hon. Ronald J. Hedges, U.S.M.J.